Bv the Court.
One T. recovered a judgment against - W. E. G. for six hundred dollars and costs, and afterward assigned the same to B. & S. The judgment debtor having no property subject to levy and sale on execution, the assignees of the judgment brought an action against W. E. G. and I. E. G. to set aside a deed of conveyance from W. E. G. to I. E. G., alleged to have been executed in fraud of' the plaintiffs’ rights, and to subject the real estate therein described to the satisfaction of the judgment.
W. E. G. answered, alleging that T., the judgment-creditor, before the assignment of the judgment to the plaintiffs, became and still was indebted to him in the sum of five hundred and sixty dollars, and prayed that said indebtedness might be set off against the judgment.
The court below found the conveyance from W. E. G. to I. E. G. to be fraudulent as against the plaintiffs, and ordered the lands therein described to be sold to satisfy the-judgment.
On the trial, the defendant offered testimony to prove the - *206 set-off* as alleged in his answer, which the court refused to hear. Such refusal is the principal error now assigned.
T. was not a party to the action, nor did the defendant .seek to bring him before the court.
Held, that there was no error in refusing to hear the testimony offered by the defendant in support of the alleged set-off’. T. was a necessary party to the issue tendered by the defendants’ answer. And quaere — Whether it was not •necessary, in such case, in order to constitute an equitable set-off’, to allege the insolvency of T., or some other circumstance of equitable cognizance ?

Motion overruled.